SUAREZ CORPORATION
INDUSTRIES, INC.,
Plaintiff,

v.

The WRECKED AND ABANDONED VESSEL R.M.S. TITANIC, HER ENGINES, TACKLE, EQUIPMENT, FURNISHINGS, Located Within One Nautical of a Point Located at 41,-43′32″ North Latitude and 49, 56′49″ West, and Artifacts, and Video located at 17 Battery Place, New York, NY, in rem, and R.M.S. Titanic, Inc., George Tulloch, Allan Carlin, Titanic Ventures Limited Partnership, and Oceanic Research and Exploration Limited, in personam, Defendants.

No. 99 Civ. 12433(JSR).

United States District Court,
S.D. New York.

Feb. 8, 2001.

Christopher Carpentieri, New York City, for plaintiff.

Carl Kaminsky, New york City, for defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

As everyone knows by now, the R.M.S. Titanic sank to the bottom of the North Atlantic Sea on April 15, 1912, taking the lives of approximately 1500 people but providing endless future employment for writers, actors, salvagers, and, most recently, lawyers.[1] The instant case involves a sal-

---

1. *See, e.g., R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943 (4th Cir.1999); *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel,* 2 F.3d 544 (4th Cir.1993); *R.M.S. Titanic, Inc. v. Wrecked and Abandoned Vessel R.M.S. TITANIC,* 2000 WL 1946826 (E.D.Va. Sep.15, 2000); *R.M.S. Titanic, Inc. v. Geller,* 2000 WL 306997 (D.Conn. Jan.10, 2000); *Lindsay v. Wrecked and Abandoned Vessel R.M.S. TITANIC,* 1999 WL 816163 (S.D.N.Y. Oct.13, 1999).

vage expedition launched in the summer of 1996 by defendant R.M.S. Titanic, Inc. ("RMST"), for which plaintiff Suarez Corporation Industries, Inc. ("Suarez") provided certain funding and services. Following the expedition, the parties fell into controversy over what was owed by RMST to Suarez, a controversy that ultimately led to the filing of the instant lawsuit, pursuant to federal maritime jurisdiction. Specifically, Suarez seeks a declaration that it is co-salvor of the wreck of the R.M.S. Titanic (named as an *in rem* defendant) and seeks to recover damages from RMST and related co-defendants on grounds of breach of contract, fraudulent misrepresentation, conversion, quantum meruit, and the like, all related to the funding and rendering of salvage services. *See* First Amended and Verified Complaint.

■ In response, defendants have moved to dismiss on the ground, *inter alia,* that the instant action is timed-barred under 46 U.S.C.App. § 730, which provides that:

A suit for the recovery of remuneration for rendering assistance or salvage services shall not be maintainable if brought later than two years from the date when such assistance or salvage was rendered, unless the court in which the suit is brought shall be satisfied that during such period there had not been any reasonable opportunity of arresting the assisted or salved vessel within the jurisdiction of the court or within the territorial waters of the country in which the libelant resides or has his principal place of business.

Since plaintiff's suit was not filed until December 28, 1999, or more than three years after Saurez rendered its final services to RMST, and since plaintiff makes no claim that it could not have sought to "arrest" the wreck of the Titanic, the plain language of § 730 would seem to bar the suit.

In response, plaintiff argues, first, that § 730 applies only to *in rem* actions

against the salvaged vessel. But the language of § 730 contains no such limitation and plaintiff has not adduced a single precedent supporting its reading. Clearly there will be situations in which a plaintiff's only hope of recovering for unpaid salvage services is in arresting the salvaged vessel, and the effect of the subordinate clause of § 730 is to preserve this opportunity beyond two years. But nothing in this suggests that Congress intended § 730 as a whole to apply only to *in rem* actions; and if Congress had intended such a limitation it surely would have said so.

■ Plaintiff also suggests that, even if the statute of limitations of § 730 is otherwise applicable here, defendants are nevertheless estopped from asserting it because in the course of resolving certain other disputes with plaintiff in 1997, defendants allegedly "duped" plaintiff into believing that a resolution of the instant dispute would also be forthcoming in due course. Plaintiff, however, has been unable to adduce any material, competent evidence to support this estoppel argument. On the contrary, the 1997 settlement agreement between the parties explicitly excludes oral modifications, and while plaintiff refers to a separate "letter of intent" that allegedly supports its claim, the letter in question, Exhibit D to Plaintiff's Exhibits, says no such thing. Finally, many of the same claims that plaintiff Saurez here asserts were also asserted by it as cross-claims against RMST in an Amended Answer and Cross–Claims filed by Saurez in November, 1999 in a parallel action pending before Judge Baer, *Lindsay v. The Wrecked and Abandoned Vessel R.M.S. Titanic, et. al,* No. 97 Civ. 9248, 1999 WL 816163 (S.D.N.Y.). Since the entire *Lindsay* action was dismissed with prejudice on January 7, 2000, the estoppel, if any, runs against Suarez, not against defendants.

Accordingly, defendants' motion to dismiss the instant lawsuit as time-barred is hereby granted. Clerk to enter judgment.